977 F.2d 582
 142 L.R.R.M. (BNA) 2312
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
JONES TRANSFER COMPANY, Respondent.
 No. 92-6107.
 United States Court of Appeals, Sixth Circuit.
 Oct. 8, 1992.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 CONSENT JUDGMENT
 
 1
 The National Labor Relations Board issued a Decision and Order on June 24, 1991, against Respondent, Jones Transfer Company, its officers, agents, successors, and assigns, and the parties having consented to the entry of a consent judgment by stipulation dated May 28, 1992, and the Board having applied to this Court for the entry of a consent judgment, upon consideration of said application and stipulation:
 
 
 2
 IT IS HEREBY ORDERED AND ADJUDGED by the Court that the Respondent, Jones Transfer Company, its officers, agents, successors, and assigns, shall take the following affirmative action which the Board has found will effectuate the policies of the National Labor Relations Act, as amended:
 
 
 3
 (a) Make whole Stephen Baynai for loss of pay suffered by reason of the discrimination against him, by payment to him of $55,000.00. Of this amount, $42,000 shall represent net backpay, $2,000 shall be for reimbursement for medical expenses, and $11,000 shall be considered as interest.
 
 
 4
 (b) The first payment totaling $2,000.00 (Two Thousand dollars) shall be due in the Regional Office of the Seventh Region of the National Labor Relations Board on or before March 31, 1992. These checks, and any additional payments will be held by the Regional Director of the Seventh Region until the Board issues a Supplemental Order approving the Stipulation, at which time those checks, and the remaining checks, will be distributed to the Charging Party. The remaining payments shall be due in the Regional Office of the Seventh Region of the Board on or before the last day of each consecutive month until the full amount is paid. Respondent shall issue check(s) made payable to the Charging Party for the amount due minus the above referred to withholding taxes. The first 27 payments shall be for $2,000.00. The final payment shall be for $1,000.00 (One Thousand dollars). Twenty per cent of each payment shall be construed as interest, 3.64% shall be construed as reimbursement of medical expenses, and 76.36% of each payment shall be construed as backpay.
 
 
 5
 (c) If any installment other than the final installment is not paid on or before the due date, or in the event Respondent files for relief under any Chapter of the Bankruptcy Code, the full unpaid balance shall become immediately due and payable and the Board may, without further notice, institute proceedings against Respondent for the collection of the full indebtedness remaining due, with additional interest due on the entire unpaid balance from the date of default until full payment is received, computed in accordance with the formula set forth in New Horizons for the Retarded 283 NLRB 1173 (1987).
 
 
 6
 Mandate shall issue forthwith.